UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Stacie Kreiger, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 1:21-cv-168 |
| | ) |
| Transworld Systems, Inc., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendant to enforce her rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendant is a debt collector. While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff. In so doing, Defendant violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff Stacie Kreiger is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Northern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt.

5. Defendant Transworld Systems, Inc. (hereinafter referred to as "Transworld") is a California corporation with an office located at 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034. Transworld acts as a debt collector as defined by § 1692a of the FDCPA because it regularly collects, or attempts to collect, delinquent consumer debts, including delinquent consumer debts in the State of Indiana. In fact, Transworld was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

6. The Plaintiff incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

7. The debt owed by Plaintiff went into default.

8. After the debt went into default, the debt was placed with or otherwise transferred to Transworld for collection.

9. The Plaintiff disputes the debt.

10. Transworld sent an initial form collection letter dated May 6, 2020 to Kreiger in an attempt to collect the debt. A copy of the letter is attached hereto as Exhibit "A".

11. The May 6, 2020 letter indicated that the original creditor was PNC Bank and that the current creditor is National Collegiate Student Loan Trust.

12. The May 6, 2020 letter indicated that the default date of the debt was November 1, 2012.

13. Under Indiana law, the appropriate statute of limitations for this debt is 6 years.

14. Given the default date of November 1, 2012, the alleged debt was beyond the statute of limitations.

15. The May 6, 2020 letter demanded payment in full of the alleged debt.

16. The May 6, 2020 letter failed to notify Kreiger that the debt was beyond the statute of limitations and that a payment on the debt could revive the statute of limitations.

17. Transworld sent Kreiger a second collection letter dated July 1, 2020. The July 1, 2020 letter offered Kreiger 3 settlement options. A copy of the letter is attached hereto as Exhibit "B".

18. The July 1, 2020 letter advised Kreiger that the settlement offer would expire on July 31, 2020.

19. The July 1, 2020 letter did not advise Kreiger that the debt was beyond the statute of limitations and that Transworld could not pursue the matter in litigation.

20. Transworld's violation of the FDCPA is material because its attempt to collect a debt from Kreiger without properly advising her that the debt was beyond the statute of limitations and that a payment could revive the statute of limitations would cause a consumer to alter his or her course of action in dealing with the debt in order to avoid further harassment and litigation. This violation of the FDCPA is sufficient to show an injury-in-fact.

21. Transworld's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### VIOLATION OF § 1692d OF THE FDCPA- HARASSMENT OR ABUSE

22. Kreiger adopts and realleges Paragraphs 1- 21.

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. By failing to advise Kreiger that the debt was beyond the statute of limitations, Transworld violated Section 1692d of the FDCPA.

25. Transworld's violation of §1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

### VIOLATION OF § 1692e OF THE FDCPA - FALSE OR MISLEADING REPRESENTATIONS

26. Kreiger adopts and realleges Paragraphs 1 – 25.

27. § 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading representations or means in connection with the collection of any debt.

28. By failing to advise Kreiger that the debt was beyond the statute of limitations and that a payment could revive the statute of limitations, Transworld violated § 1692e of the FDCPA.

29. Transworld's violation of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

### VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

30. Kreiger adopts and realleges Paragraphs 1 – 29.

31. § 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

32. By failing to advise Kreiger that the debt was beyond the statute of limitations and that a payment could revive the statute of limitations, Transworld violated § 1692f of the FDCPA.

33. Transworld's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stacie Kreiger respectfully requests that the Court find that Defendant Transworld Systems, Inc. violated the FDCPA and enter judgment against Transworld Systems, Inc. for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn


Thomas G. Bradburn, #15377-49
Bradburn Law Firm
52 South 9th St., Suite 10
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com